

FILED

MAY 29 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

LOUIS TORRES,

    Petitioner,

vs.

A. P. KANE, Warden,

    Respondent.

No. C 03-03380 JW (PR)

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner, a state prisoner, filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that his sentence under California's "Three Strikes" law violates due process. His application to proceed <u>in forma pauperis</u> was granted in an earlier order. This Court found that the petition, liberally construed, stated cognizable claims under § 2254 and ordered respondent to show cause why a writ of habeas corpus should not be granted. Respondent has filed an answer to the order to show cause, and petitioner has filed a traverse.

## BACKGROUND

Petitioner was found guilty by a jury in the Superior Court of the State of California in and for the County of Santa Clara of two felony counts: 1) threatening

to commit a crime which could have resulted in death or great bodily injury (terrorist threats) (Pen. Code § 422)[1], and 2) dissuading or attempting to dissuade a witness (§ 136.1, subd. (c)(1)). (People v. Torres, No. H020387, slip op. at 10 (Cal.Ct.App. June 12, 2001) (Resp't Ex. C-9). Petitioner was also found guilty of misdemeanor assault and battery on a spouse. Id. In a separate court trial, the court found true that petitioner had suffered three prior "strikes" within the meaning of California's "Three Strikes" law (§§ 667, subds. (b)-(i) and 1170.12). Id.

At sentencing, the court declined to strike any of the three prior convictions and imposed concurrent 25 years to life sentences for the two felony convictions. In addition, petitioner received a concurrent county jail term for the misdemeanor with credit for time served, and a restitution fine of $10,000. (Resp't at 3.)

Petitioner appealed his conviction. The California Court of Appeals stayed the 25 years to life sentence for the second felony conviction of dissuading or attempting to dissuade a witness, but otherwise affirmed the conviction. (People v. Torres, No. H020387, slip op. at 37). The California Supreme Court denied review on September 19, 2001. (Resp't at 4.)

Petitioner then filed his first state petition for a writ of habeas corpus in the California Supreme Court, where he raised claims not brought in the instant federal habeas petition. The state high court denied the petition on July 24, 2002. (Resp't Ex. D-2.)

Petitioner filed a second habeas petition in the state high court, this time raising claims brought in the instant federal habeas petition. The state supreme court again denied the petition on June 25, 2003. (Resp't Ex. E-2.) Petitioner filed the instant federal habeas petition on July 21, 2003.

///

///

---

[1] Further statutory references are to the California Penal Code unless otherwise stated.

Order Denying Petition for a Writ of Habeas Corpus
P:\PRO-SE\SJ.JW\HC.03\Torres3380.denyHC.wpd        2

## DISCUSSION

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Id. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000). "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

"[A] federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409.

A federal habeas court may grant the writ it if concludes that the state court's

adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). The court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

The only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. Id. at 412; Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir. 2003). While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court precedent, only the Supreme Court's holdings are binding on the state courts and only those holdings need be "reasonably" applied. Id.

B.  Claims and Analysis

Petitioner alleges that his sentence under the "Three Strikes" law violates due process because § 667(b)-(i) and § 1170.12 as applied to petitioner's conviction: 1) "violated a substantive state created liberty interest" (Pet. at 5A-1), and 2) "breach[ed] the expectation of the negotiated plea that attached to each individual prior" (Pet. at 5B-1).

1.  California's "Three Strikes" Law

Petitioner's first claim is that two of the three prior convictions used to impose the "Three Strikes" law were in misdemeanors and not felonies because he was incarcerated for less than a year in each case. He relies solely on interpretations of California statutes in making this argument, concluding that a "constitutionally protected interest in freedom" exists. Petitioner makes no reference to any federal laws or Supreme Court precedent. He further argues that he was not afforded procedural due process protections in accordance with the California Rules of Court. Petitioner's claims are meritless for failing to state a claim upon which federal

habeas relief may be granted.

A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). In other words, a writ of habeas corpus is available under § 2254(a) "only on the basis of some transgression of federal law binding on the state courts." Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107, 119 (1982 )), cert. denied, 478 U.S. 1021 (1986). It is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See Estelle v McGuire, 502 US 62, 67-68 (1991). Federal courts generally are bound by a state court's construction of state laws, see, e.g., Melugin v. Hames, 38 F.3d 1478, 1487 (9th Cir. 1994) (federal court bound by Alaska Court of Appeals' interpretation and decision that state statute was properly applied to petitioner's conduct), except when it appears that its interpretation is an obvious subterfuge to evade the consideration of a federal issue. See Peltier v. Wright, 15 F.3d 860, 862 ( 9th Cir. 1994). Federal courts must presume that state courts follow the law, even when they fail to so indicate. See Poland v. Stewart, 117 F.3d 1094, 1101 (9th Cir. 1997); Jeffers v. Lewis, 38 F.3d 411, 415 (9th Cir. 1994) (en banc). It is unavailable merely because "something in the state proceedings was contrary to general notions of fairness or violated some federal procedural right unless the Constitution or other federal law specifically protects against the alleged unfairness or guarantees the procedural right in state court." Middleton, 768 F.2d at 1085.

A criminal defendant is entitled to due process at sentencing. See Gardner v. Florida, 430 U.S. 349, 358 (1977). A federal habeas court accordingly may call into doubt a State sentence imposed in violation of due process, for example, if a State court imposed a sentence in excess of State law, see Walker v. Endell, 850 F.2d 470, 476 (9th Cir. 1987), or if it enhanced a sentence based on materially false or unreliable information, see id. at 477. Generally, a federal habeas court will not

review a State sentence that is within statutory limits. See id. at 476. Federal courts must defer to the state court's interpretation of state sentencing laws. Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993). An allegation of error or misapplication of state sentencing law generally does not present any ground for habeas relief. Richmond v. Lewis, 506 U.S. 40, 50 (1992).

Petitioner's claim that the imposition of the "Three Strikes" law violated due process is without merit. Even if the state courts erred in their application of state sentencing law, it is well-established that federal habeas relief is unavailable for violations of state law or alleged error in the interpretation or application of state law. See Estelle, 502 U.S. at 67-68; Peltier, 15 F.3d at 861-62. Merely citing the Due Process Clause does not compel a different result. Poland v. Stewart, 169 F.3d 573, 584 (9th Cir. 1999). The state court's rejection of petitioner's claim was not contrary to, or involved an unreasonable application of, clearly established Supreme Court precedent, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Petitioner's claim is DENIED.

### 2. Breach of Previous Plea Bargains

Petitioner contends that the application of the "Three Strikes" law violates his right to due process with respect to the plea bargains for his prior convictions. Specifically, petitioner argues that he relied upon the then-existing enhancement statutes when he entered into a plea bargain for each of the prior convictions. With respect to two of the older prior convictions, petitioner claims that he relied on § 667.5(e) which at that time stated, "additional penalties provided for prior prison terms shall not be imposed for any felony for which the defendant did not serve a prior separate term in state prison." (Pet. at 5B-2). Petitioner claims this statutory language was an "inducement and consideration promised by the prosecution when negotiating a plea with [p]etitioner." (Pet. at 5B-3.) Petitioner argues that imposition of additional punishment under the "Three Strikes" law for the prior convictions constitutes a breach of the plea bargains and violates due

process. Petitioner's claim is without merit.

Once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained, such as in violation of due process as petitioner claims in the instant petition. Lackawanna County Dist. Attorney v. Coss, 532 U.S. 394, 403-04 (2001).

Exceptions to this provision occur only if there was a failure to appoint counsel in violation of the Sixth Amendment or the state court refused to rule on a properly presented constitutional claim. Id. at 404, 405-06. Petitioner's claim does not fall within either exception. In addition, if petitioner attempts to challenge his prior conviction, his claim would fail on the merits because his guilty plea was valid.

A guilty plea is valid when it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." North Carolina v. Alford, 400 U.S. 25, 31 (1970). In order to determine whether or not the choice to plead guilty was voluntary and intelligent the circumstances surrounding the plea must be reviewed, focusing particularly on whether or not the defendant was made "fully aware of the direct consequences" of the plea. Brady v. United States, 397 U.S. 742, 755 (1970); Id. at 755 (quoting Shelton v. United States, 246 F. 2d 571, 672 n.2 (1957)). Although a defendant is entitled to be informed of the direct consequences of the plea, the court need not advise him of "all possible collateral consequences." Torrey v. Estelle, 842 F.2d 234, 235 (9th Cir. 1988). The distinction between a direct and collateral consequence of a plea turns on whether the result presents a definite, immediate and largely automatic effect on the range of the defendant's punishment. Id. at 236. There is no violation of due process where a

trial court fails to inform a defendant of collateral consequences, see Torrey, 842 F.2d at 236, nor where counsel fails to do so, see id. at 237 (failure to advise of collateral consequences cannot be held to be below objective standard of reasonableness).

The state court's denial of this claim was not contrary to, or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of the facts. See 28 U.S.C. § 2254 (d). Accordingly, petitioner's claim is DENIED.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED.

DATED: May 29, 2007

JAMES WARE
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LOUIS TORRES,

        Petitioner,

v.

A. P. KANE, Warden,

        Respondent.

Case Number: CV03-03380 JW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 5/29/07, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Louis Torres H74360
California Department of Corrections
Correctional Training Facility
P. O. Box 689
Soledad, Ca 93960-0689

Mark S. Howell
Attorney General
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Peggy S. Ruffra
CA State Attorney's Office
455 Golden Gate Avenue
Suite 11000
San Francisco, CA 94102-7004

Dated: 5/29/07

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk